Pratt, J.
This is an appeal from a judgment in favor of defendant, entered on a non-suit. On August 28, 1886, in the forenoon, plaintiff was crossing Broadway, New York. A street car was going down town and she waited for it to pass. After it had gone by she started across the street, and as she was passing behind the car, her foot caught in a coil of wire which was being dragged along the street by the car. One end of the wire had become wound around *522 the rear axle of the car, and the other end being coiled six or seven times around at the end, was dragging along the street three or four feet behind the car. The plaintiff hurrying stepped on the coil of wire which was trailing behind themoving car, and was thrown to the ground and sustained injuries.
No claim was made that the wire was a part of the gearing or .paraphernalia of the car, nor was there proof that it had been coiled around the axle long enough to afford the presumption of notice to the employees of the defendant.
There was an utter failure to show any negligence on the part of.the defendant. The plain inference from the testimony was that the wire had just been picked up by the car. It was incumbent on the plaintiff to show either that the defendants’ employees had actual notice, or that it had been there a sufficient length of time, so that if they had exercised due care, they would have discovered it. The case of Mullen v. St. John (57 N. Y., 561), is, therefore, not in point, as this accident might have occurred while the defendants’ servants were exercising the utmost care.
It is not enough to send a case to a jury to show that by some possibility the injury might have been caused by the negligence of a defendant. It must be shown that the defendant committed some negligent act, or omitted some duty, and that such act or omission caused the injury.
The rule is that where the facts are as consistent with due care as with the want of it, no recovery can be had. Claflin v. Meyer, 75 N. Y., 260; Baulec v. N. Y. and H. R. R., 59 id., 356.
It was quite as much the duty of the plaintiff to look where she was stepping and discover the wire, as for the conductor to see it while engaged in his duties upon the car, but it is unnecessary to discuss the question of contributory negligence on the part of the plaintiff, as there was a failure to prove negligence on part of defendant.
Judgment affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.